IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAY SANDON COOPER,                  §
                                    §
                 Plaintiff,         §
                                    § Civil Action No. 3:06-CV-1737-D
VS.                                 §
                                    §
UNITED STATES OF AMERICA,           §
by and through its agent            §
Commissioner                        §
of Internal Revenue Service,        §
                                    §
                 Defendant.         §

MEMORANDUM OPINION
AND ORDER

     This tax refund suit turns on whether the Internal Revenue
Service ("IRS") can defeat a taxpayer's refund suit based on a
ground not given in its notice disallowing the claim.  If the IRS
can rely on this ground, the court must then decide whether the
taxpayer in this case has shown that the IRS was not entitled to
use community property income represented by his wages to satisfy
his and his wife's community income tax debt.  Concluding that the
IRS is entitled to rely on a ground not given in the notice of
disallowance and that the taxpayer has failed to establish his
right to the refund for which he sues, the court grants summary
judgment in favor of defendant.

I

     For the 2000 tax year, plaintiff Jay Sandon Cooper ("Cooper")
filed his original Form 1040 income tax return showing a "single"

filing status.[1]  His return reported $32,415.00 of taxable income, consisting of $61,424.00 in wage income, a $19,009.00 net operating loss, a $4,400 standard deduction, and $5,600 in exemptions. Cooper owed $7,195.00 in income tax on his taxable income.  Because $7,605.00 in income tax had been withheld from his paychecks, and he claimed a $500 child tax credit, he claimed a $910 income tax refund.

In March 2004 Cooper filed an amended tax return claiming a refund of $6,695.00 for the 2000 tax year.  He based this claim on Texas community property law, alleging that half of his wage income should have been attributed to his former wife, Linda Joy Cooper ("Linda"), because the income was community property.  During 2000, Cooper and Linda were married but legally separated.

The Internal Revenue Service ("IRS") disallowed the refund claim, stating that it "may disregard community property laws where a spouse was not notified of community income before the due date (including extensions) for filing the return for the taxable year in which the income was derived and taxpayer acted as if solely entitled to such income."  Am. Compl. Ex. C.  Cooper then brought this *pro se* lawsuit, alleging that he overpaid his income tax for the 2000 tax year in the amount of $6,695.00 and that the IRS's

---

[1]The court recounts the evidence in a light favorable to Cooper as the summary judgment nonmovant and draws all reasonable inferences in his favor.  *E.g., U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.) (citing *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000)).

action in disallowing his refund claim was illegal, improper, and erroneous.

Defendant United States of America (the "government") moves for summary judgment, contending that Cooper is not entitled to the tax refund he seeks.[2]  Cooper opposes the motion.[3]

II

As a threshold matter, the court addresses Cooper's objections to, and motion to strike, the government's motion for summary judgment and brief and its summary judgment evidence.

Cooper maintains that the court should strike the government's motion, brief, and evidence because the government has violated the court's local civil rules in several respects.  The court overrules the objections and declines to strike the motion, brief, and evidence.

Some of Cooper's objections lack merit.  For example, the government's brief need not contain a table of contents because it is only four pages long.  *See* N.D. Tex. Civ. R. 7.2(d) ("A brief in excess of 10 pages must contain: (1) a table of contents with page

---

[2]The government points out that Cooper's amended tax return treats his wage income as community property, but fails to give like treatment to the net operating loss, withheld tax, or Linda's income.  The amended return gives Cooper credit for 100% of the net operating loss and 100% of the withheld income, without explaining this disparity.

[3]After the government filed its summary judgment motion, Cooper obtained leave to file an amended complaint.  The amended complaint does not affect the government's entitlement to summary judgment.

references; and (2) an alphabetically arranged table of cases, statutes, and other authorities cited, with page references to the location of all citations."). The government has sufficiently identified the claim on which it seeks summary judgment, because Cooper asserts only one claim for relief in this case. And because the government will not bear the burden of proof at trial, to obtain summary judgment, it need only point the court to the absence of evidence to support Cooper's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The government has met its summary judgment burden by pointing the court to the absence of evidence to support Cooper's claim.

III

The court now considers the merits of the government's motion.

A

In Texas, a community property state, "[a]ny income earned during a marriage is presumed to be community property." *Osuna v. Quintana*, 993 S.W.2d 201, 205 (Tex. App. 1999, no pet.) (citing Tex. Fam. Code Ann. §§ 3.003(a) and 3.102(a)(1) (Vernon 1997); *Yaklin v. Glusing, Sharpe & Krueger*, 875 S.W.2d 380, 385 (Tex. App. 1994, no writ)). "Spouses who reside in a community property State may file either a joint Federal income tax return or separate Federal income tax returns." *Bennett v. Comm'r*, 2005 WL 1405977, at *5 (T.C. June 16, 2005) (unpublished opinion). "If separate returns are filed, then generally each spouse must report and pay

tax on one-half of the community income, regardless of whether the spouse actually received that income." *Id.* (citing *United States v. Mitchell*, 403 U.S. 190, 196-97 (1971); *Hardy v. Comm'r*, 181 F.3d 1002 (9th Cir. 1999); *Bernal v. Comm'r*, 120 T.C. 102, 105-106 (2003)).

B

The government offers two arguments to support its summary judgment motion. First, it points to 26 U.S.C. § 66(b), which permits the Secretary of the Treasury ("Secretary") to disallow the benefits of any community property law to any taxpayer regarding any income, if the taxpayer (1) acted as if solely entitled to such income and (2) failed to notify his spouse of the nature and amount of such income before the due date for filing the return. 26 U.S.C. § 66(b). The government argues that Cooper has not presented proof that he notified Linda of his wage income. It also maintains that, on its face, the original 2000 return is evidence that Cooper acted as if he was solely entitled to this income, because he filed his 2000 return as "single," recognized all of his wage income, and recognized none of Linda's income.

Second, the government contends that under *Harris v. United States*, 764 F.2d 1126 (5th Cir. 1985), tax debts incurred by either spouse during marriage are presumed to be community debts that may be satisfied with community property. If Cooper's wage income was community, the income tax withheld from his wages represented

community income that could be used to satisfy the couple's community tax debt.  The government maintains that if his wage income was separate property, the withheld funds were separate property collected to satisfy a separate debt.  Thus it argues that regardless whether Cooper's wage income is classified as community or separate property, the IRS was entitled to satisfy the tax debt generated by those wages with the funds withheld from his wages. In response to Cooper's argument that part of his tax liability should be shifted to Linda's tax return, the government posits that, even if that is true, it is presumed that the shifted liability is a community debt that the IRS could satisfy with community funds.

C

"In a refund suit the taxpayer bears the burden of proving the amount he is entitled to recover."  *United States v. Janis*, 428 U.S. 433, 440 (1976) (citing *Lewis v. Reynolds*, 284 U.S. 281 (1932)).  In a tax collection suit, the government's deficiency assessment is generally afforded a presumption of correctness. *Portillo v. Comm'r*, 932 F.2d 1128, 1133 (5th Cir. 1991); *see Burnett v. Comm'r*, 67 Fed. Appx. 248, 248 (5th Cir. 2003) (per curiam) (unpublished opinion) ("Established law regarding the burden of proof in tax deficiency cases holds that the Commissioner's assessment is presumed correct and that the taxpayer has the burden of disproving the Commissioner's estimation."

(citing *Helvering v. Taylor*, 293 U.S. 507, 515 (1935))).[4]   "In essence, the taxpayer's burden of proof and the presumption of correctness are for the most part merely opposite sides of a single coin; they combine to require the taxpayer to prove by a preponderance of the evidence that the Commissioner's determination was erroneous." *Portillo*, 932 F.2d at 1133 (citing *Carson v. United States*, 560 F.2d 693, 695-96 (5th Cir. 1977)).

Because the government will not have the burden of proof on Cooper's refund claim, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support it. *Celotex*, 477 U.S. at 325.  Once the government does so, Cooper must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is mandatory if Cooper fails to meet his burden. *Little*, 37 F.3d at 1076.

---

[4]This presumption of correctness may not apply "when the government's assessment falls within a narrow but important category of a '"naked" assessment without any foundation whatsoever.'" *Portillo*, 932 F.2d at 1133 (quoting *Janis*, 428 U.S. at 442).  But because the government's assessment is supported by at least "some predicate evidence supporting its determination," the court need not consider whether the presumption of correctness might not apply here. *See id.* (citations omitted).

D

The IRS determined that Cooper was not entitled to the refund he claimed for tax year 2000. It relied on 26 U.S.C. § 66(b), which permits the Secretary to charge a community property state taxpayer the tax on his entire income if he "'acted as if solely entitled to such income and failed to notify [his] spouse' of the income prior to the due date for filing taxes for that tax year." *Hardy*, 181 F.3d at 1007 (citing 26 U.S.C. § 66(b)). This provision "is not a relief provision, but one that gives the Secretary the discretion to disallow a community property taxpayer from taking advantage of community property laws to the detriment of the taxpayer's spouse." *Id.*

The government has pointed to the absence of evidence that Cooper notified Linda of community income before the due date for filing the return. It maintains that Cooper acted as if solely entitled to such income or, stated differently, that he has not adduced evidence that he did not act as if solely entitled to the income. Thus the burden shifts to Cooper to produce evidence that would permit a reasonable trier of fact to find that § 66(b) does not apply.

Cooper maintains that he notified Linda of the income for the 2000 tax year before the tax was due, that she benefited from the income, and that he provided her various tax documents that were intended to assist her in preparing her year 2000 tax return.

- 8 -

Cooper posits that he sent Linda all documentation of income before the due date for the year 2000 tax return.   He supports these assertions with his affidavit, in which he avers that he mailed to Linda "various tax related documents, including Forms W-2 before the date on which her tax returns were due."  P. App. 71.   And he has produced photocopies of envelopes containing materials he sent Linda.

Cooper has produced sufficient evidence to permit a reasonable trier of fact to find that he notified Linda of community income before the due date for filing her year 2000 income tax return.   In *Condello v. Comm'r*, 76 T.C.M. (CCH) 460 (1998), the Tax Court addressed circumstances like those present here.   The IRS had determined under § 66(b) that a separated spouse should have included 100% of his income on his income tax return.   The court rejected this application of § 66(b) as incorrect, explaining:

> Petitioner provided [his spouse] with various tax documents relating to his 1992 income. These documents were intended to help [her] prepare her 1992 return.   Among these documents were petitioner's 1992 Forms W-2 and 1099.   Petitioner hand-delivered these documents to [his spouse] before the due date of [her] 1992 return . . . .   We find that petitioner provided [his spouse] with sufficient notice of the nature and amount of his 1992 income before the due date of her return and conclude that respondent may not rely on section 66(b) to deny petitioner the benefit of community property laws.

*Id.* at *2.

The evidence Cooper has adduced is sufficient to permit a

reasonable trier of fact to find that, like the petitioner in *Condello*, he provided Linda sufficient documentation to permit the finding that the IRS cannot rely on § 66(b) to deny Cooper the benefit of community property laws. Accordingly, the government is not entitled to summary judgment based on the first ground on which it relies.

E

The court now turns to the government's argument that, assuming § 66(b) is inapplicable, Cooper is not entitled to a refund because the IRS permissibly used community property wages to satisfy Cooper and Linda's community income tax debt.

1

Cooper contends that the government cannot raise, for the first time, reasons to deny his refund claim that were not asserted in the administrative proceedings. He cites no case or federal statute to support this contention. Moreover, it is clearly established that, in a tax refund suit, the taxpayer must first rebut the presumption of correctness associated with any determination the Commissioner has made. *Janis*, 428 U.S. at 440-41. The taxpayer must then prove the exact dollar amount of the alleged overpayment to which he claims a refund. *Id.* at 440. "Defendant therefore is entitled to raise any objections that would tend to show that plaintiff has failed to meet this burden of proof with respect to some or all of the expenditures in question, even

if the asserted grounds are different from those asserted during the administrative review." *Lockheed Martin Corp. v. United States*, 39 Fed. Cl. 197, 204 (1997).  The court therefore concludes that, in defending a tax refund suit, the government is not limited to the reasons the IRS gave in its notice of disallowance, but may rely on a new ground.

2

The government maintains that even if Cooper's income is community property, under the reasoning of *Harris*, 764 F.2d at 1131, the income tax liability generated by his and Linda's community income can be satisfied with the community income withheld from Cooper's wages.  The government also cites *Jackson v. Jackson*, 2002 WL 31513388, at *2 (Tex. App. Nov. 13, 2002, no pet.) (not designated for publication), in which a Texas appellate court explained that § 3.201 of the Texas Family Code "has no effect, however, on the long-standing presumption that debts incurred during the marriage are presumed to be community debts that the community estate may be used to satisfy." *Id.* (citing *Cockerham v. Cockerham*, 527 S.W.2d 162, 171 (Tex. 1975)).  The government appears to argue on this basis that community property (Cooper's community wages) was properly used to satisfy the couple's community debt (Cooper and Linda's year 2000 income tax

obligation).[5]

In response, Cooper appears to contend, first, that the Texas court that granted his divorce from Linda was entitled to divide their separate and community property in a manner deemed equitable and just, that the divorce decree did not assign Linda's tax liability to Cooper as a debt, and that the court granted Linda the benefits of Cooper's employment from March 1985 to September 2001. Essentially, Cooper argues that the Texas court did not assign him liability for the couple's tax debt, and it granted Linda the benefits of his employment for the period that included tax year 2000.

The court disagrees with Cooper's position. Even if the effect of the divorce decree was to provide Cooper a right of reimbursement from Linda for her share of the income taxes withheld from his community wages in 2000——a question the court need not decide——the parts of the decree that Cooper cites did not effectively alter the character of the wages as community property or, as the court will explain next, affect the couple's community property income tax indebtedness to the IRS.  If anything, the decree created rights and obligations between Cooper and Linda, not

_____

[5]The government assumes that the income tax that Cooper  and Linda owed in the aggregate for tax year 2000 equaled or exceeded the amount withheld from Cooper's wages ($7,605.00).  Cooper has not adduced sufficient evidence to permit the finding that his and Linda's total income tax for 2000 was less than that amount, nor does he advance this argument.

- 12 -

between them and the IRS.  *See Kimsey v. Kimsey*, 965 S.W.2d 690, 696 (Tex. App. 1998, pet. denied) (stating that Texas court "does have the discretion to apportion the *payment* of taxes as between the parties" (emphasis in original)).

Cooper also asserts that "[i]t is odd that Defendant relies almost exclusively upon *Harris v. United States* . . . as authority in this case.  Marital (community) property liability is addressed in §§ 3.201-202, Texas Family Code.  Both sections were amended by the Texas Legislature in 1997."  P. Br. 9.  As the court understands this contention, Cooper is urging that his tax liability is governed by the Texas Family Code, under which the wages he earned, as his sole management community property, could not be used to satisfy his wife's liabilities.  *See* Tex. Family Code Ann. § 3.202(b) (Vernon 2006) ("Unless both spouses are personally liable as provided by this subchapter, the community property subject to a spouse's sole management, control, and disposition is not subject to . . . any nontortious liabilities that the other spouse incurs during marriage.").

Cooper's position lacks force because it effectively gives the Texas Family Code a paramount role over the Internal Revenue Code. While "[s]tate law . . . controls whether income is separate or community property," "income tax liability is a matter of federal law and controlled by the Internal Revenue Code."  *Kimsey*, 965 S.W.2d at 695 (citing *Mitchell,* 403 U.S. at 197; *Hopkins v. Bacon,*

282 U.S. 122 (1930)).

> The general rule is that any income that is characterized by Texas law as community income is taxed one-half to each spouse; that is, the community income of both spouses is combined and half the total is included in each spouse's gross income, along with any separate income of that spouse.

*Id.; accord Tabassi v. NBC Bank-San Antonio*, 737 S.W.2d 612, 614-15 (Tex. App. 1987, writ ref'd n.r.e.) ("[U]nder federal law, one-half of all community income is taxable to each spouse, regardless of which spouse exercises control over the income at issue.") (citing *Mitchell*, 403 U.S. 190; *Hopkins*, 282 U.S. 122)).   Thus even if Texas law would under other circumstances protect Cooper's income from being used to satisfy his wife's debt, this protection does not insulate his community property interest from being used to satisfy his wife's federal tax liability.   *See, e.g., Medaris v. United States*, 884 F.2d 832, 834 (5th Cir. 1989) (where wife "'has a vested interest in, and is the owner of, a half share of the community income' over which her husband has sole management and control, that one half interest may be seized to satisfy her tax liability despite state law to the contrary." (citing *Broday v. United States*, 455 F.2d 1097, 1100-01 (5th Cir. 1972)).

Cooper bears the burden of proving by a preponderance of the evidence the amount he is entitled to recover from the government. *Janis*, 428 U.S. at 440.   He has not adduced proof that is sufficient to refute the government's argument that the IRS was

entitled to use income taxes withheld from his community property wages to satisfy the couple's community income tax debt for year 2000. Accordingly, the court concludes that the government is entitled to summary judgment dismissing Cooper's tax refund suit.

                              *       *       *

        For the reasons set out, the court holds that Cooper has not introduced evidence that would permit a reasonable trier of fact to find that he is entitled to the tax refund he sought in his amended 2000 return. The government is therefore entitled to summary judgment dismissing this case.

        **SO ORDERED.**

        June 21, 2007.

                              _____
                              SIDNEY A. FITZWATER
                              UNITED STATES DISTRICT JUDGE